1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

13
14

DURRELL PUCKETT,
CDCR #G-05549,

15                                                        Plaintiff,

16

17                        vs.

18

19  NORTH KERN STATE PRISON
    EMPLOYEES, et al.,
20

21                                                      Defendants.

22
23
24

Civil No.    08-1243 BTM (POR)

**ORDER:**

**(1) DENYING MOTION TO AMEND
COMPLAINT AS MOOT [Doc. No. 8];**

**(2) DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
[Doc. No. 11]; and**

**(3)  SUA SPONTE DISMISSING
DEFENDANTS  FOR FAILING TO
STATE A CLAIM PURSUANT TO
28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

25                              **I.**

26                      **PROCEDURAL HISTORY**

27            On August 22, 2008, Plaintiff, an inmate currently incarcerated at North Kern State Prison

28  located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to

42 U.S.C. § 1983.  Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

The Court granted Plaintiff's Motion to Proceed *IFP* on August 28, 2008 [Doc. No. 4]. On November 26, 2008, this matter was reassigned to District Judge Barry Ted Moskowitz for all further proceedings [Doc. No. 7].  Plaintiff then filed a "Motion to Amend the Complaint" on December 12, 2008 [Doc. No. 8].  However, Plaintiff may amend his Complaint once "as a matter of course before being served with a responsive pleading."  FED.R.CIV.P. 15(a)(1)(A). Thus, the Court accepted Plaintiff's First Amended Complaint ("FAC") for filing on December 15, 2008.  Accordingly, Plaintiff's Motion for leave to amend his Complaint is **DENIED** as moot.

In addition to Plaintiff's First Amended Complaint, he has now filed a Motion for Temporary Restraining Order ("TRO") [Doc. No. 11].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319,

324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**A.    Claims against Defendant Murguia**

In his First Amended Complaint, Plaintiff alleges that Defendant Murguia retaliated against him for filing administrative grievances by writing a "false report saying I threatened to kill him and his family."  (*See* FAC at 3.)  Plaintiff further claims he received a sentence to Administrative Segregation ("Ad-Seg") of sixty days as a result of the falsified report.  (*Id.*)  While Plaintiff has alleged facts sufficient to state a First Amendment retaliation claim against Defendant Murguia, he has failed to allege facts to state any other claim against Defendant Murguia.

/ / /

1   Plaintiff alleges that Defendant Murguia verbally harassed him and "racially

2   discriminated" against him by calling him names and "teasing" him.  (*Id.*)  Verbal harassment

3   or verbal abuse by prison officials generally does not constitute a violation of the Eighth

4   Amendment.  *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not

5   constitute an Eighth Amendment violation); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th

6   Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable

7   under § 1983); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name

8   calling are not actionable under § 1983).  Thus, Plaintiff claims regarding verbal harassment are

9   dismissed for failing to state a claim upon which § 1983 relief can be granted.

10   Plaintiff also alleges that he suffered a stab wound but did not receive any pain

11   medication for a two week time period.  (*See* FAC at 3.)  However, there are no additional facts

12   with regard to these claims nor does Plaintiff identify a particular Defendant whom he claims

13   is responsible for the alleged failure to protect him from harm or provide him with adequate

14   medical care.  Where a prisoner's Eighth Amendment claim is one of inadequate medical care,

15   the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate

16   indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Such a

17   claim has two elements: "the seriousness of the prisoner's medical need and the nature of the

18   defendant's response to that need."  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991),

19   *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

20   A medical need is serious "if the failure to treat the prisoner's condition could result in further

21   significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at

22   1059 (quoting *Estelle*, 429 U.S. at 104).  Indications of a serious medical need include "the

23   presence of a medical condition that significantly affects an individual's daily activities."  *Id*.

24   at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

25   objective requirement for proving an Eighth Amendment violation.  *Farmer v. Brennan*, 511

26   U.S. 825, 834 (1994).

27   / / /

28   / / /

Here, the Court finds that Plaintiff's allegations regarding a stab wound may be enough to satisfy the objective component of an Eighth Amendment violation. *See McGuckin*, 974 F.3d at 1059-60; *Farmer*, 511 U.S. at 834. However, while Plaintiff has alleged facts sufficient to establish the existence of a serious medical need, he must also allege that each Defendant's response to his need was deliberately indifferent. *Farmer*, 511 U.S. at 834. Because Plaintiff does not identify any Defendant as being aware of his serious medical need, or refusing to provide treatment for his serious medical need, this claim must also be dismissed for failing to state an Eighth Amendment claim upon which § 1983 relief can be granted.

### B.       Claims against Defendant Waters

Plaintiff claims, as he did with Defendant Murguia, that Defendant Waters verbally harassed him. For the same reasons set forth above, the Court finds that Plaintiff's verbal harassment claims against Defendant Waters must be dismissed for failing to state a claim. In addition, Plaintiff seeks to hold Defendant Waters liable for failing to "intervene" when Defendant Murguia wrote a disciplinary report that resulted in Plaintiff's sentence to Ad-Seg. (*See* FAC at 4.) As a result, Plaintiff was stabbed while housed in Ad-Seg. (*Id.*)

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 833. As is the case with a failure to provide adequate medical care, in order to  establish a violation of this duty, the prisoner must allege facts sufficient to demonstrate that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. To demonstrate a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed]] an excessive risk to inmate. . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.*, at 837.

Here, Plaintiff suggests that Defendant Waters should have known that there would be a serious threat to his safety if Defendant Murguia wrote a "false report" leading to a sentence to the Ad-Seg. (*See* FAC at 4.) However, there are no facts from which the Court could find that Plaintiff's risk in being housed in the Ad-Seg was any different from a risk that he would

be subjected to in general population.  Plaintiff must allege how Defendant Waters, or any other named Defendant was aware of and disregarded an excessive risk to his safety.  *Farmer*, 511 U.S. at 837.

Accordingly, the Eighth Amendment claims against Defendant Waters are dismissed for failing to state a claim upon which § 1983 relief can be granted.

**C.      Claims against Defendant J. Smith**

Plaintiff's allegations with respect to Defendant Smith are far from clear.  However, it appears that Plaintiff is seeking to hold Defendant Smith liable in the capacity as Defendant Murguia's supervisor.  Plaintiff claims that he asked Defendant Smith to "write up Murguia" but Smith refused and allegedly told Plaintiff that he should submit a grievance against Murguia himself.  (*See* FAC at 5.)  There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).

In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  As a supervisor, a Defendant may only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent this supervisor personally participated in or directed Defendants' actions, and (2) in either acting or failing to act, the supervisor was an actual and proximate cause of the deprivation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Here, there are not sufficient facts alleged for this Court to find that Plaintiff has adequately stated a claim against Defendant Smith.  While he was clearly disappointed that Defendant Smith did not "write up" Murguia,  he is alleged to have told Plaintiff to file a grievance. Plaintiff does not allege any facts to suggest that Defendant Smith interfered with or prevented

1   Plaintiff from filing a grievance against Murguia. Accordingly, Plaintiff's claims against

2   Defendant Smith are dismissed on respondeat superior grounds.

3                **D.      Claims against Defendants Roberts and Cortes**

4           In his First Amended Complaint, Plaintiff seeks to hold Defendant Roberts responsible

5   in his role as the officer in the tower. Specifically, Plaintiff claims that Defendant Roberts was

6   witness to the verbal harassment he received from Defendant Murguia. (*See* FAC at 6.)   In

7   addition, Plaintiff also seeks to hold Defendant Cortes liable as the "watch floor officer" because

8   he was also a witness to the verbal harassment of Defendant Murguia. (*Id.* at 7.)   As set forth

9   above, a claim of verbal harassment does not rise to the level of a constitutional violation. Nor

10  does the failure to intervene when another officer is verbally harassing an inmate rise to the level

11  of a constitutional violation unless there are sufficient allegations that the named Defendant was

12  "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834.

13  Plaintiff fails to allege any such facts, and thus, the claims against Defendant Roberts and Cortes

14  are dismissed for failing to state a claim upon which § 1983 relief can be granted.

15               **E.      Claims against Defendants Biggs, Hense, Grannis and Roth**

16          Plaintiff seeks to hold these Defendants liable because he claims they failed to respond

17  to his administrative grievances in an adequate manner. (*See* FAC at 7-9.)   The Fourteenth

18  Amendment to the United States Constitution provides that: "[n]o state shall . . . deprive any

19  person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.

20  "The requirements of procedural due process apply only to the deprivation of interests

21  encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of*

22  *Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant

23  prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v.*

24  *Fano*, 427 U.S. 215, 223-27 (1976). Thus, to state a procedural due process claim, Plaintiff must

25  allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the

26  interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913

27  (9th Cir. 2000).

28          To the extent Plaintiff challenges the procedural adequacy of CDCR inmate grievance

procedures, his First Amended Complaint fails to state a due process claim.  *See* 28 U.S.C. § 1915A(b)(1); *Resnick*, 213 F.3d at 446.   This is because the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause.  *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

In addition, Plaintiff has failed to plead facts sufficient to show that any named prison official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner.  While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants:  (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).  Plaintiff pleads no facts to suggest how the allegedly inadequate review and consideration of his inmate grievances amounted to a restraint on his freedom not contemplated by his original sentence or how they resulted in an "atypical" and "significant hardship."  *Sandin*, 515 U.S. at 483-84.

Accordingly, Plaintiff's Fourteenth Amendment due process claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

**F.      Claims against Defendants Hill and Zollenger**

Again, Plaintiff's First Amended Complaint is not entirely clear but he appears to allege that Defendant Hill notified other prisoners that Plaintiff was a "snitch" and a "child molester." (*See* FAC at 12.)  Plaintiff alleges that Defendant Zollenger was a witness to these statements and did nothing to protect him.  (*Id.* at 13.)  As a result, Plaintiff was attacked by other inmates. (*Id.* at 12-13.)  The Court finds that Plaintiff's Eighth Amendment failure to protect allegations as to Defendant Hill and Zollenger survive the sua sponte screening required by the PLRA. / / /

### G.     Claims against Defendant Casarez

Finally, Plaintiff alleges that Defendant Casarez confronted him verbally while Plaintiff was housed in the infirmary.  (*See* FAC at 14.)  Again, verbal harassment does not constitute an Eighth Amendment violation.   *See Keenan*, 83 F.3d at 1092.  Accordingly, the claims against Defendant Casarez are dismissed for failing to state a claim upon which section 1983 relief may be granted.

### III.

### Plaintiff's Motion for Temporary Restraining Order ("TRO") [Doc. No. 11]

Plaintiff also filed a "Notice to the Court by Plaintiff" along with a "Temporary Restraining Order" ("TRO") [Doc. No. 11] which the Court construes to be a Motion for TRO.

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted "only if (1) it clearly appears from the specific facts shown ... that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition."  FED.R.CIV.P. 65(b).  A party seeking a TRO must satisfy the same test required for the issuance of a preliminary injunction. *See Bronco Wine Co. v. U.S. Dept. of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996); *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1322 (N.D. Cal. 1995).

Here, Plaintiff seeks an order that "Defendants be restrained from contact, communication, in all forms, sending indirect and direct messages and being in the presence of Plaintiff without a superior officer."  (Pl.'s TRO at 1.)  In his affidavit, Plaintiff claims he was "jumped by officers" but does not offer any other facts with regard to these allegations.  (*Id.*)  There are no allegations in Plaintiff's First Amended Complaint that he suffered any physical injury at the hands of correctional officers, instead he seems to suggest that he was stabbed by another inmate. (*See* FAC at 13.)  A review of Plaintiff's affidavit indicates that Plaintiff sets

forth no specific facts to adequately demonstrate that he would suffer imminent irreparable injury that would allow this Court to grant relief before Defendants can be heard.  Plaintiff simply does not  adequately allege the threat of an injury that is required to justify extraordinary injunctive relief.  *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988).

Thus, the Court must **DENY** without prejudice Plaintiff's Motion for Temporary Restraining Order [Doc. No. 11] pursuant to FED.R.CIV.P. 65(b).

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Motion for TRO [Doc. No. 11] is **DENIED** without prejudice;

(2)    Plaintiff's claims against Defendants Waters, Smith, Roberts, Cortes, Biggs, Hense, Grannis, Roth and Casarez are **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above or Plaintiff must inform the Court that he intends to proceed with the remaining claims in his First Amended Complaint.  If Plaintiff notifies the Court within this time period that he chooses not to amend his First Amended Complaint, the Court will direct the U.S. Marshal to serve the First Amended Complaint on the Defendants as to the remaining causes of action.

DATED:  January 20, 2009

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge