# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| DURRELL PUCKETT<br>CDCR #G-05549,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>NORTH KERN STATE PRISON EMPLOYEES,<br><br>　　　　　　　　　　Defendants. | Civil No.　08-1243 BTM (POR)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO FILE THIRD AMENDED COMPLAINT [Doc. No. 17];**<br><br>**and**<br><br>**(2) DENYING MOTION TO OBJECT TO JUDGE'S RECOMMENDATION AND MOTION FOR RECONSIDERATION [Doc. Nos. 15, 16]** |

## I.

### PROCEDURAL HISTORY

On August 20, 2008, Plaintiff, an inmate currently incarcerated at the California Correctional Institution located in Tehachapi, California and proceeding pro se, filed a civil

rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff later filed a First Amended Complaint which is permissible pursuant to FED.R.CIV.P. 15(a)(1)(A). Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

The Court granted Plaintiff's Motion to Proceed *IFP* on August 21, 2008 [Doc. No. 4]. On November 26, 2008, this matter was reassigned to District Judge Barry Ted Moskowitz for all further proceedings [Doc. No. 9]. The Court sua sponte dismissed Plaintiff's First Amended Complaint for failing to state a claim upon which relief could be granted. *See* Jan. 21, 2009 at 10. Plaintiff then filed a Second Amended Complaint ("SAC") on February 2, 2009. In addition, he filed a "Motion to Object to Judge's Recommendation of Dismissing Defendants," a "Motion for Reconsideration of Order Dismissing Defendants" and a "Motion Requesting to Add Supplemental Report to Amended Complaint." [Doc. Nos. 15, 16, 17]

It appears that Plaintiff may have been confused with regard to the Court's January 21, 2009 Order. This Order was not a recommendation. Subsequently, Plaintiff filed a Motion for Reconsideration involving the same issues and arguments that he made in his previous Motion. Thus, the Court will consider Plaintiff's objections to the Court's January 21, 2009 Order simultaneously with his Motion to Reconsider. In addition, the Court will construe Plaintiff's request to supplement his Second Amended Complaint as a Motion requesting leave to file a Third Amended Complaint.

## II.

### MOTIONS FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[1] *See Osterneck v. Ernst & Whinney*, 489

---

[1] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV. P. 60(b).

1  U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)).  Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

### B.    Discussion

First, the Court has not entered any judgment in this matter.  Plaintiff was informed of the deficiencies of his pleading and permitted leave to file an Amended Complaint in order to correct these deficiencies.  Second, it appears that a majority of Plaintiff's objections pertain to the Court's dismissal of his verbal harassment claims.  Plaintiff claims that if he were to verbally harass the Defendants he would be subjected to a possible criminal prosecution. (Pl.'s Mot. to Reconsider at 2-3.)  However, the issue before the Court is whether the Defendants verbal harassment rises to the level of a constitutional violation.  It does not. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth Amendment violation).

Accordingly, Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263. Plaintiff's "Motion to Object to Judge's Recommendation of Dismissing Defendants" and  "Motion for Reconsideration of Order Dismissing Defendants" [Doc. Nos. 15, 16] are DENIED.

/ / /

/ / /

/ / /

## II.

## FEDERAL RULE OF CIVIL PROCEDURE 15

Plaintiff has filed a Motion "requesting to add Supplemental Report to Amended Complaint" which the Court liberally construes to be a motion to amend his Second Amended Complaint pursuant to FED.R.CIV.P. 15(a). Under Rule 15(a), a party may amend his pleading "once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). Otherwise, a party may amend "only by leave of the court or by written consent of the adverse party." *Id.* Leave to amend under FED. R. CIV. P. 15(a) "shall be freely given when justice so requires," therefore the decision to grant leave to amend is one that rests in the sound discretion of the trial court. *International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985).

Courts generally consider four factors in determining the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend. *DCD Programs*, 833 F.2d at 186. The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981).

Here, some of Plaintiff's claims that he seeks to add cannot be brought in this action. For example, Plaintiff raises entirely new claims against new Defendants that are alleged to occur well after the filing of the action currently before the Court. Before the Prison Litigation Reform Act ("PLRA") was enacted on April 26, 1996, prisoners pursuing civil rights claims under 42 U.S.C. § 1983 were not required to exhaust administrative remedies before filing suit in federal court. *See Patsy v. Bd. of Regents of Florida*, 457 U.S. 496, 516 (1982). The PLRA amended 42 U.S.C. § 1997e(a) to provide however, that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must exhaust their administrative remedies prior to filing suit, not

during the pendency of the suit. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). Here, Plaintiff's claims regarding incidents that occurred in October of 2008, well after he filed this suit, would have to be brought in a separate action.

However, Plaintiff also seeks to clarify and add facts to some of the existing claims in his Second Amended Complaint. Therefore, the Court **GRANTS** Plaintiff's Motion to Amend [Doc. No. 17] and will permit him leave to file a Third Amended Complaint. However, the Court also cautions Plaintiff that he must comply in all other respects with the Court's January 21, 2009 Order.

## III.
### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion to Object to Judges Recommendation" and "Motion for Reconsideration" [Doc. Nos. 15, 16] are **DENIED.**

2. Plaintiff's Motion for Leave to file a Third Amended Complaint [Doc. No. 17] is **GRANTED** pursuant to FED.R.CIV.P. 15(a). Plaintiff must file his Third Amended Complaint within sixty (60) days from the date this Order is filed.

**IT IS SO ORDERED.**

DATED: February 24, 2009

Honorable Barry Ted Moskowitz
United States District Judge