1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| DURRELL PUCKETT,<br>CDCR #G-05549,<br><br>                          Plaintiff,<br><br><br><br>          vs.<br><br><br><br><br>NORTH KERN STATE PRISON<br>EMPLOYEES, et al.,<br><br><br><br>                          Defendants. | Civil No.    08-1243 BTM (POR)<br><br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR COURT TO CONSIDER DOCUMENTS WITHOUT PREJUDICE [Doc. No. 23]**<br><br>**(2)  SUA SPONTE DISMISSING DEFENDANTS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b); and**<br><br>**(3)  ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF PLAINTIFF'S THIRD AMENDED COMPLAINT ON DEFENDANTS MURGUIA, HILL, ZOLLENGER, BIGGS, ROTH, HENSE AND GRANNIS PURSUANT TO FED.R.CIV.P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

08cv1243

# I.

## PROCEDURAL HISTORY

On August 22, 2008, Plaintiff, an inmate currently incarcerated at the California Correctional Institute located in Tehachapi, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].   The Court granted Plaintiff's Motion to Proceed *IFP* on August 28, 2008 [Doc. No. 4].  On November 26, 2008, this matter was reassigned to District Judge Barry Ted Moskowitz for all further proceedings [Doc. No. 7]. Plaintiff then filed a "Motion to Amend the Complaint" on December 12, 2008 [Doc. No. 8]. However, Plaintiff may amend his Complaint once "as a matter of course before being served with a responsive pleading."  FED.R.CIV.P. 15(a)(1)(A).  Thus, the Court accepted Plaintiff's First Amended Complaint ("FAC") for filing on December 15, 2008.  On January 21, 2009, the Court sua sponte screened Plaintiff's First Amended Complaint and found that it contained several causes of action that must be dismissed for failing to state a claim upon which relief could be granted.  *See* Jan. 21, 2009 Order at 3-9.  Plaintiff was to inform the Court whether he intended to proceed on the one cause of action that survived screening or file a Second Amended Complaint.  *Id.*  Plaintiff chose to file a Second Amended Complaint but then sought leave to further amend that pleading.  On May 18, 2009, the Court accepted Plaintiff's Third Amended Complaint ("TAC") for filing.

# II.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

1  defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203

2  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,

3  446 (9th Cir. 2000) (§ 1915A).

4  Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person

5  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

6  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

7  United States. *See* 42 U.S.C. § 1983.

8  As an initial matter, the Court finds that Plaintiff's Third Amended Complaint suffers

9  from many of the same deficiencies of pleading previously identified in the Court's January 21,

10  2009 Order. Most of Plaintiff's claims must be dismissed because they lack clarity and even

11  liberally construing many of the claims, it is difficult to decipher the factual basis that underlies

12  the alleged constitutional violations.

13  **A.    Claims against Defendant Murguia**

14  The Court finds, as it did in the previous Order, that Plaintiff has alleged sufficient facts

15  to state a retaliation claim against Defendant Murguia. However, Plaintiff has failed to state any

16  other claim against Defendant Murguia. For example, Plaintiff alleges that Defendant Murguia

17  wrote a "false report" of "threatening a peace officer" which led to Plaintiff being housed in the

18  Administrative Segregation ("Ad-Seg") unit for forty five (45) days. (TAC at 3.) Plaintiff was

19  informed that in order to state a Fourteenth Amendment due process claim he must allege facts

20  which show that Defendants: (1) restrained his freedom in a manner not expected from his

21  sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the

22  ordinary incidents of prison life." *See* Jan. 21, 2009 Order at 8 (citing *Sandin v. Conner*, 515

23  U.S. 472, 484 (1995)). Plaintiff has alleged no facts to show that the forty five (45) days he

24  spent in Ad-Seg imposed an "atypical and significant hardship" and thus, he has not stated a

25  Fourteenth Amendment due process claim against Murguia.

26  In addition, Plaintiff claims that Defendant Murguia "told the nurse not to provide

27  medication [or] cleansing of [Plaintiff's] stab wounds." (TAC at 3.) There are no facts to

28  suggest that the nurse or any other medical personnel acted on Murguia's request to deny

1   Plaintiff medical care.  Where a prisoner's Eighth Amendment claim is one of inadequate

2   medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence

3   deliberate indifference to serious medical needs." *See* Jan. 21, 2009 Order at 4 (citing *Estelle v.*

4   *Gamble* , 429 U.S. 97, 106 (1976)).  Assuming Plaintiff's statements to be true, the only

5   allegation is a verbal statement by Murguia.  There are no allegations that Murguia played an

6   actual role in the medical attention, or lack thereof, given to Plaintiff.

7       Thus, all the claims against Defendant Murguia are dismissed with the exception of

8   Plaintiff's retaliation claim for failing to state a claim upon which relief may be granted.

9       **B.    Claims against Defendants Hill, Zollenger, Biggs, Roth, Hense, Grannis**

10      Plaintiff alleges that Defendant Hill insinuated that he was a "child molester and [an]

11  informant" and as a result of these statements he was "stabbed several times."  (TAC at 7.)

12  Plaintiff further alleges that Defendant Zollenger was present when Hill made these statements

13  but took no action to protect him from harm.  (*Id.* at 8.)  Finally, Plaintiff alleges that he

14  informed Defendants Biggs, Roth, Hense and Grannis of his fears of being attacked by other

15  inmates due to these allegedly false statements but they took no action to protect him from harm.

16  The Court finds that these Eighth Amendment failure to protect allegations survive the sua

17  sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A.

18      **C.    Remaining claims**

19      Plaintiff alleges a variety of other claims which the Court had previously dismissed in the

20  January 21, 2009 Order but  has failed to correct any of the deficiencies of pleading as to these

21  claims.

22      Throughout his Third Amended Complaint, Plaintiff refers to "differential treatment"

23  which the Court liberally construes to be a Fourteenth Amendment equal protection claim.  For

24  example, Plaintiff claims that Defendants "showed differential treatment by having my cellmate

25  return back my 602 to me or he can't get his insulin shot."  (TAC at 4.)  Plaintiff suggests that

26  these actions are discriminatory because they promote "racial profiling."  (*Id.*)

27      The "Equal Protection Clause of the Fourteenth Amendment commands that no State

28  shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is

essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Shaw v. Reno*, 509 U.S. 630 (1993). Prisoners are protected by the Equal Protection clause against discrimination based on race. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

However, conclusory allegations of discrimination are insufficient to withstand a motion to dismiss, unless they are supported by facts that may prove invidious discriminatory intent or purpose. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Therefore, when an equal protection violation is alleged, the plaintiff must plead facts to show that the defendant "acted in a discriminatory manner and that the discrimination was intentional." *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

There are no facts in Plaintiff's Third Amended Complaint linking the actions of Defendants to a discriminatory purpose. (*See* TAC at 4.) However, Plaintiff does not allege that any of the actions taken by Defendants were based on intentional racial discrimination. Thus, Plaintiff's Fourteenth Amendment Equal Protection claims are dismissed.

Finally, Plaintiff claims throughout his Third Amended Complaint that various Defendants called him names. However, claims of verbal harassment generally do not rise to the level of an Eighth Amendment violation. *See* Jan. 21, 2009 Order at 4 (citing *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996)).

### D.   U.S. Marshal Service

In conclusion, the Court finds that Plaintiff's retaliation claims against Defendant Murguia and the Eighth Amendment failure to protect claims against Hill, Zollenger, Biggs, Roth, Hense and Grannis in his Third Amended Complaint survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and that Plaintiff is therefore entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The

officers of the court shall issue and serve all process, and perform all duties in [IFP] cases.");

FED.R.CIV.P. 4(c)(3) (providing that "service be effected by a United States marshal, deputy

Untied States marshal, or other officer specially appointed by the court ... when the plaintiff is

authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."). Plaintiff is cautioned,

however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a

substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring."

*Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

All the remaining claims against all the remaining Defendants are dismissed for failing

to state a claim upon which § 1983 relief may be granted for all the reasons set forth in this

Order and the Court's January 21, 2009 Order.

### III.

### PLAINTIFF'S MOTION FOR COURT TO CONSIDER DOCUMENTS

On June 1, 2009, Plaintiff filed a Motion in which he requests the Court to consider

affidavits filed by fellow inmates in support of his Third Amended Complaint [Doc. No. 23].

The filing of the affidavits is premature and is better left for consideration after Defendants have

appeared in the action.  If Defendants file a Motion to Dismiss or Motion for Summary

Judgment, Plaintiff may file a request with the Court to consider these documents.  Defendants

will be given the opportunity to respond.  Thus, Plaintiff's "Motion to Consider Documents"

[Doc. No. 23] is **DENIED** without prejudice.

### IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)     Plaintiff's "Motion to Consider Documents" [Doc. No. 23] is **DENIED** without

prejudice.

(2)     Plaintiff's claims against Defendants Cortes, Roberts, Waters, J. Smith, Agra and

Casarez are **DISMISSED** without prejudice for failing to state a claim upon which relief may

be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).   Because Plaintiff has had three

opportunities to correct the deficiencies as to these claims, the Court finds amendment of

Plaintiff's § 1983 claims as to Defendants Cortes, Roberts, Waters, Smith, Agra and Casarez would be futile at this time, and **DENIES** leave to amend these claims. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

(3)     The Clerk shall issue a summons upon the Defendants **Murguia, Hill, Zollenger, Biggs, Roth, Hense and Grannis** and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, and certified copies of his Third Amended Complaint and the summons for purposes of serving each of these Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Third Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

(4)     Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED:  July 31, 2009

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge