# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| DURRELL PUCKETT,<br>CDCR# G-05549,<br><br>                              Plaintiff,<br><br>          vs.<br><br>NORTH KERN STATE PRISON<br>EMPLOYEES, et al.,<br><br>                              Defendants. | Civil No.    08-1243 BTM (POR)<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 26]** |

## I.

### Procedural Background

On August 22, 2008, Plaintiff, an inmate currently incarcerated at California State Prison in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].  The Court granted Plaintiff's Motion to Proceed *IFP* on August 28, 2008 [Doc. No. 4].

On November 26, 2008, the case was reassigned to District Judge Barry Ted Moskowitz for all further proceedings [Doc. No. 7].  Plaintiff then filed a "Motion to Amend the Complaint"

on December 12, 2008 [Doc. No. 8].  However, Plaintiff may amend his Complaint once "as a matter of course before being served with a responsive pleading." FED.R.CIV.P. 15(a)(1)(A). Thus, the Court accepted Plaintiff's First Amended Complaint for filing on December 15, 2008. On January 21, 2009, the Court sua sponte screened Plaintiff's First Amended Complaint and found that it contained several causes of action that must be dismissed for failing to state a claim upon which relief could be granted. *See* Jan. 21, 2009 Order at 3-9.  Plaintiff was directed to inform the Court whether he intended to proceed on the one cause of action that survived screening or file a Second Amended Complaint. *Id.*  Plaintiff chose to file a Second Amended Complaint but then sought leave to further amend that pleading.  On May 18, 2009, Plaintiff filed a Third Amended Complaint ("TAC") [Doc. No. 22].

On August 5, 2009, the Court screened Plaintiff TAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and sua sponte dismissed all allegations except for Plaintiff's claims of retaliation by Defendant Murgia and his Eighth Amendment failure to protect claims alleged against Defendants Hill, Zollenger, Biggs, Roth, Hense and Grannis.  (*See* Aug. 5, 2009 Order at 2-5.) The Court then directed the U.S. Marshal to effect service of Plaintiff's TAC and summons upon Defendants Murgia, Hill, Zollenger, Biggs, Roth, Hense and Grannis.  (*Id.* at 6-7.)  On September 4, 2009, Plaintiff submitted a Motion for Appointment of Counsel [Doc. No. 26].

## II.

## Motion to Appoint Counsel

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances."

1    *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113

2    F.3d at 1525.  "A finding of the exceptional circumstances of the plaintiff seeking assistance

3    requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an

4    evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal

5    issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328,

6    1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

7         The Court acknowledges that any pro se litigant "would be better served with the

8    assistance of counsel."  *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331).  However,

9    so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the

10   relative complexity of the matter," the "exceptional circumstances" which might *require* the

11   appointment of counsel do not exist.  *Id.* (finding no abuse of discretion under 28 U.S.C.

12   § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner

13   "may well have fared better-particularly in the realms of discovery and the securing of expert

14   testimony.").

15        Here, Plaintiff requests appointment of counsel because unidentified prison officials "are

16   refusing to provide in-coming legal mail in a reasonable time," and have been "finding excuses

17   to keep [him] in segregation," which has hampered his effort to "pursue institutional complaints"

18   and "limited" his access to supplies and "access to law books."  (Pl.'s Mot. at 1 ¶¶ 3-6.)

19   However, Plaintiff's TAC has survived screening, which indicates he is presently able to

20   articulate the factual basis of both his retaliation and Eighth Amendment claims.  In addition,

21   because his TAC is still in the process of being served by the United States Marshal, no

22   immediate filing deadlines are looming.

23        Accordingly, the Court finds that neither the interests of justice nor exceptional

24   circumstances warrant appointment of counsel at this time.  *LaMere v. Risley*, 827 F.2d 622, 626

25   (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

26   / / /

27   / / /

28   / / /

**III.**

**Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion to Appoint Counsel [Doc. No. 26] is **DENIED** without prejudice.

DATED:  September 27, 2009

Honorable Barry Ted Moskowitz
United States District Judge