# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| DURRELL PUCKETT,<br>CDCR #G-05549,<br><br>        Plaintiff,<br><br>vs.<br><br>NORTH KERN STATE PRISON EMPLOYEES, et al.,<br><br>        Defendants. | Civil No. 08-1243 BTM (POR)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[Doc. No. 31]** |

## I.
### PROCEDURAL HISTORY

Plaintiff, a state inmate currently incarcerated at the California State Prison located in Corcoran, California ("CSP-Corcoran") has filed a motion for temporary restraining order ("TRO") [Doc. No. 31]. Plaintiff's current § 1983 litigation before the Court involves claims against correctional officers while Plaintiff was housed in North Kern State Prison and does not involve any claims pertaining to Plaintiff's current place of incarceration.

/ / /

/ / /

## II.

### PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted "only if: (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED.R.CIV.P. 65(b)(1)(A) & (B).

In his Motion for TRO, Plaintiff describes actions and events which appear to have arisen in his current place of incarceration, CSP - Corcoran, and relates to parties that are not currently before this Court. Plaintiff claims in his Motion that he is being harassed by correctional officers at CSP-Corcoran and another inmate tried to "spear" him after the inmate overhead Correctional Officer Arreguin call Plaintiff a "pervert." *See* Pl.'s Mot. at 1-2. However, because these are new claims against new Defendants and unrelated to the action currently before the Court, Plaintiff is obligated under the Prison Litigation Reform Act (PLRA) to exhaust his administrative remedies with respect to these claims before he can bring them to Federal Court. *See* 42 U.S.C. § 1997e ("No action shall be brought with respect to prison conditions under section 1983 [of the PLRA], or any other Federal law, by a person confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") Plaintiff cannot bring these claims in this action because they arose after the filing of his initial Complaint on August 22, 2008.

In *Woodford v. Ngo*, 548 U.S. 81, 91 (2006), the Supreme Court held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 91. The Court further held that

"[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules ... as a precondition to bring suit in federal court." *Id.*  Thus, Plaintiff must exhaust these new claims that arose at his current place of incarceration against new Defendants before he can proceed by filing a separate civil rights action.

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion for TRO [Doc. No. 31] is **DENIED**.

**IT IS SO ORDERED.**

DATED:  October 5, 2009

Honorable Barry Ted Moskowitz
United States District Judge