# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| DURRELL PUCKETT, CDCR# G-05549,<br><br>      Plaintiff,<br><br>vs.<br><br>NORTH KERN STATE PRISON EMPLOYEES, et al.,<br><br>      Defendants. | Civil No. 08-1243 BTM (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 39]** |

On November 6, 2009, Plaintiff filed his second Motion for Appointment of Counsel. "There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04*

*in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff claims that due to his ongoing mental health treatment he has a "hard time evaluating/prosecuting this case." (Pl.'s Mot. at 1.) Plaintiff is also concerned that he does not currently have access to his legal files. (*Id.*) At this stage of the proceedings, Defendants have yet to appear in the action and there are no pending matters that currently require a response by Plaintiff. Moreover, the docket demonstrates that Plaintiff has been actively litigating this matter without the assistance of counsel. Thus, the Court finds that there are no exceptional circumstances that warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion to Appoint Counsel [Doc. No. 39] is **DENIED** without prejudice.

DATED:  November 18, 2009

Honorable Barry Ted Moskowitz
United States District Judge