# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# Fresno Division

| | |
|---|---|
| DURRELL PUCKETT, CDCR #G-05549,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>NORTH KERN STATE PRISON EMPLOYEES, et al.,<br><br>　　　　　　　Defendants. | Civil No.　1:08cv1243 BTM (POR)<br><br>**ORDER PROVIDING PLAINTIFF NOTICE OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO** ***WYATT v. TERHUNE*** **AND SETTING BRIEFING SCHEDULE** |

On February 16, 2010, Defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint pursuant to FED.R.CIV.P. 12(b) [Doc. No. 42]. Defendants move to dismiss on grounds that Plaintiff failed to exhaust administrative remedies prior to suit pursuant to 42 U.S.C. § 1997e(a).

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam)). If the court looks beyond the pleadings when deciding a motion to dismiss for failure to exhaust, "a procedure closely analogous to summary

judgment," the Court "must assure that [the plaintiff] has fair notice of his opportunity to develop a record." *Id.* at 1120 n.14; *see also Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) (remanding case to district court where court failed to "effectively give [plaintiff] fair notice that he should have submitted evidence regarding exhaustion of administrative remedies.")

Accordingly, Plaintiff is hereby provided with notice that Defendants have asked the Court to dismiss his case because he failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Plaintiff is further advised of his opportunity to include in his Opposition to Defendants' Motion whatever arguments and documentary evidence he may have to show that he did, in fact, exhaust all administrative remedies as were available to him prior to filing suit. *See Wyatt*, 315 F.3d at 1119-21; *Marella*, 568 F.3d at 1028.

**Conclusion and Order**

Accordingly, the Court sets the following briefing schedule:

1) Plaintiff, if he chooses, may file an Opposition to Defendants' Motion to Dismiss [Doc. No. 42], and serve it upon Defendants' counsel of record no later than **Friday, March 26, 2010.**

2) Defendants may file a Reply to Plaintiff's Opposition, and serve it upon Plaintiff no later than **Friday, April 2, 2010.**

The Court will consider the matter fully briefed as submitted on the papers as of **Friday, April 9, 2010**, and will thereafter issue a written Order ruling on Defendants' Motion without requiring any appearances or holding any oral argument.

**IT IS SO ORDERED.**

DATED: February 22, 2010

Honorable Barry Ted Moskowitz
United States District Judge