# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| DURRELL PUCKETT,<br>CDCR# G-05549,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>NORTH KERN STATE PRISON<br>EMPLOYEES, et al.,<br><br>　　　　　　　　　　Defendants. | Civil No.   08-1243 BTM (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 49]** |

On April 5, 2010, Plaintiff filed his third Motion for Appointment of Counsel. "There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted).  Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S.*

*Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Currently pending before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 42]. Plaintiff was permitted to file three Oppositions to Defendants' Motion [Doc. Nos. 45, 46 4] and the Motion is currently under submission requiring no further filings from Plaintiff at this time. While Plaintiff claims that he is currently hospitalized for psychiatric issues, at this point in the proceedings, the Court does not find that there are "exceptional circumstances" to appoint counsel or to stay the action for 90 days as requested by Plaintiff.

**Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion to Appoint Counsel [Doc. No. 49] is **DENIED** without prejudice.

DATED:  April 12, 2010

Honorable Barry Ted Moskowitz
United States District Judge